IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICK G. TARLSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 13-03535 JSW

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter comes before the Court upon consideration of a motion for judgment on the pleadings filed by the United States of America ("United States"). Having considered the parties' papers, relevant legal authority, the record in this case, and for reasons set forth in the remainder of this Order, the Court GRANTS the United States' motion for judgment on the pleadings and DENIES Plaintiff's request for oral argument on the motion.

## BACKGROUND

Nick G. Tarlson ("Plaintiff") was a member of the United States Coast Guard Auxiliary ("Auxiliary"), a civilian non-profit agency of the United States Coast Guard ("Coast Guard"), for 12 years. (Compl. at ¶ 4.) According to the allegations in the complaint, which must be taken as true at this procedural posture, on July 1, 2012, Coast Guard Auxiliarist, Sonia Foster ("Foster") made sexual harassment allegations against Plaintiff to Auxiliary members and Coast Guard active duty officers ("Coast Guard Officers"). (Id. at ¶ 5.) As a result of Foster's statements, the Coast Guard disenrolled Plaintiff from the Auxiliary and barred him from "review[ing] the documents involved in [his] dismissal," in accordance with their internal

procedures. (*Id.* at ¶ 7; Opp. Br. at 5.) Plaintiff claims as a result, he suffered "loss of funds invested in Coast Guard Auxiliary uniforms and related boating and aviation equipment." (Compl. at ¶ 10.)

The alleged incidents of sexual harassment took place on March 16 and April 18, 2012. (Opp. Br. at 3.) Plaintiff contends these events occurred during a "District Training Fun Night" and on a private vessel ("Journey") where an Auxiliary staff webinar took place. (*Id.* at 3-4.) Plaintiff contends these events were "purely social" and not authorized Coast Guard activity. (*Id.* at 3-5.) The training night held on March 16, a wine tasting and dance event in Monterey, had " no official Coast Guard content." (*Id.* at 3.) On April 18, Plaintiff attended a staff webinar on the Journey, but he argues Foster was not involved in the actual webinar. (*Id.* at 4.)

Plaintiff filed his complaint on June 28, 2013, in San Francisco Superior Court against Foster as an individual. Plaintiff brings the following causes of action: (1) defamation - slander and (2) false light - invasion of privacy. On July 31, 2013, the United States removed this action to the United States District Court pursuant to 28 U.S.C. § 2679(d). The Chief of the Civil Division of the United States Attorney's Office for the Northern District ("Civil Chief") filed a certification, pursuant to 28 U.S.C. § 2679(d) indicating that Foster is an employee of the Coast Guard and "was acting within the scope of her employment at all times material to such alleged incidents." (Certification ("Cert.") at ¶ 2.) Consequently, by operation of statute, the United States was automatically substituted as defendant in place of Foster, as an individual. *See* 28 U.S.C. § 2679(d). On November 4, 2013, the United States moved for judgment on the pleadings.

## ANALYSIS

### A. Legal Standard for Motion for Judgment on the Pleadings.

A motion for judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), challenges the legal sufficiency of the claims asserted in the complaint. "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th

2

Cir. 1989). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Thus, "[j]udgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* However, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 989 (9th Cir. 2001).

Under Federal Rule of Civil Procedure 12(h), the defense of lack of subject matter jurisdiction cannot be waived and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. When a defendant challenges jurisdiction, the plaintiff has the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Pub'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "[J]urisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The pleadings do not need detailed factual allegations, but require enough "to raise a right to relief above the speculative level . . . [and] a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must "construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

3

1025, 1031 (9th Cir. 2008). "However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 834 (9th Cir. 2012). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

## B.   Subject Matter Jurisdiction.

### 1.   Facial Challenge.

The United States moves for judgment on the pleadings on the basis that it enjoys sovereign immunity for defamation and false light claims pursuant to the Federal Tort Claims Act ("FTCA"). The United States argues that it is immune from suit because "[t]he FTCA is the exclusive waiver of sovereign immunity for actions . . . against federal employees acting within the scope of their employment." (Notice of Removal at ¶ 7.)

The FTCA governs tort claims against the United States but it does not waive sovereign immunity on any claim arising out of libel or slander, the two forms of defamation. 28 U.S.C. §§ 2674, 2680(h); Cal. Civ. Code § 44. "Under California law, defamation 'involves the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage.'" *Price v. Stossel*, 620 F.3d 992, 998 (9th Cir. 2010) (quoting *Gilbert v. Sykes,* 147 Cal. App. 4th 13, 27 (2007)). Plaintiff alleges that on July 1, 2012, when Foster reported the alleged incidents of sexual harassment, her statements were slanderous and constitute an intentional publication of false statements, which were the proximate cause of harm to his reputation. (*Id.* at ¶¶ 5-11.) Plaintiff sets out a defamation claim in the Complaint. As a matter of law under Section 2680(h) of the FTCA, he is prohibited from advancing this cause of action against the United States. Plaintiff's defamation claim is on its face insufficient to invoke federal jurisdiction.

The FTCA does not specifically identify the claim of false light as an exempt claim against the United States. 28 U.S.C § 2680(h). Nevertheless, California courts have largely considered a false light claim to be substantially equivalent to a defamation claim, especially when the false light action is premised on the alleged defamatory statements. *See Cort v. St.*

4

*Paul Fire & Marine Ins. Cos.*, 311 F.3d 979, 987 (9th Cir. 2002); *Kapellas v. Kofman*, 1 Cal. 3d 20, 35 n.16 (1969). Plaintiff claims that Foster invaded his right to privacy because she made the reports about the alleged incidents to Auxiliary members and Coast Guard Officers. (Compl. at ¶ 13.) Plaintiff claims that Foster's statements placed him "in a false light in the eyes of the" Auxiliary members and Coast Guard Officers. (*Id.* at ¶ 14.) Plaintiff not only incorporates his defamation claim into his false light claim, but both claims are substantially equivalent. The primary basis for Plaintiff's false light claim is Foster's statements on July 1, 2012 and he seeks identical damages for both claims, indicating that the defamation claim can provide a complete remedy. (*Id.* at ¶¶ 13-16.) Consequently, as a matter of law under Section 2680(h) of the FTCA, Plaintiff's false light claim is on its face insufficient to invoke federal jurisdiction.[1]

### 2. Factual Challenge.

Plaintiff asserts that Foster acted outside the scope of her employment and is therefore not protected by sovereign immunity under the FTCA. The Attorney General must certify that the employee was "acting within the scope of . . . employment at the time of the incident out of which the claim arose," in order to defend a civil action brought against a governmental employee. 28 U.S.C. § 2679(d). Upon review of Plaintiff's summons and Complaint, the Civil Chief certified that Foster was an employee of the Coast Guard with reference to all alleged incidents. (Cert. at ¶ 2.)

The United States' challenge that Foster acted outside the scope of her employment is based upon the Attorney General's certification, which falls outside the scope of the pleadings. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. "If the moving party converts 'the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the

---

[1] If a plaintiff's defamation claim provides a complete remedy for any damages suffered by publication, "including damages for injury to his personal feelings which are recoverable in a false light action" then the false light claim is a duplicate action "and hence must be dismissed as surplusage." *Selleck v. Globe Int'l, Inc.*, 166 Cal. App. 3d 1123, 1136 (1985). Here, the false light claim is identical to the defamation claim and could also be dismissed on the grounds that it is surplusage.

5

party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (citing *Safe Air for Everyone*, 373 F.3d at 1039). The introduction by the United States of the Attorney General's certification does not convert the motion into a motion for summary judgment but allows Plaintiff to present evidence in rebuttal. Here, Plaintiff challenges the Attorney General's certification and by personal declaration claims that Foster was not acting within the scope of her employment, specifically she "was not on Coast Guard duty and was simply socializing." (Opp. Br. at 2.)

In the face of this challenge, the Court must review the Attorney General's certification. A party can challenge the Attorney General's scope-of-employment certification pursuant to 28 U.S.C. § 2679(d), otherwise it is deemed conclusive. 28 U.S.C. § 2679(d)(1)-(4); see also *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 431-37 (1995) (holding that "[t]he statute is fairly construed to allow petitioners to present to the District Court their objections to the Attorney General's scope-of-employment certification"). The Attorney General's decision regarding scope of employment certification is subject to de novo review in both the district court and on appeal. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991). "[T]he party seeking review of the Attorney General's decision to grant scope of employment certification, 'bears the burden of presenting evidence and disproving [that] decision . . . by a preponderance of the evidence.'" *Kashin v. Kent*, 457 F.3d 1033, 1036 (9th Cir. 2006) (quoting *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993)). Plaintiff substantively challenges the Attorney General's certification on the basis that the alleged sexual harassment incidents occurred when Foster was off duty. (Opp. Br. at 2.) Plaintiff must demonstrate by the preponderance of the evidence that Foster's conduct during the alleged incidents constitutes the basis of his claim, and thereby falls outside the scope of her employment.

Although Plaintiff's claims are premised on the alleged sexual harassment incidents, his defamation and false light claims are based on Foster's subsequent statements. Both defamation and false light claims involve intentional publication of statements of fact. *See Price*, 620 F.3d at 998; *Kinsey v. Macur*, 107 Cal. App. 3d 265, 270 (1980). Here, Plaintiff has brought

6

defamation and false light claims based on the statements that Foster made on July 1, 2012, when she reported the alleged incidents to the Auxiliary members and Coast Guard Officers. Conversely, Plaintiff's contention that Foster was acting outside the scope of her employment, is based on the alleged incidents and not the reports that Foster made about the incidents. However, the factual premises of Plaintiff's claims are Foster's statements made in reporting the alleged incidents that subjected Plaintiff to disciplinary action. As a result of Foster's reports, the Coast Guard took measures in accordance with their procedures and disenrolled Plaintiff. Foster acted within the scope of her employment in making those statements to the Coast Guard. Upon de novo review, this Court affirms the Attorney General's finding that Foster was acting within the scope of employment when she advanced the alleged sexual harassment claims against Plaintiff.[2] Plaintiff's challenge to the certification is not well-taken.

## C. Failure to State a Claim.

In the event the Court did not find Plaintiff's false light claim is barred by the FTCA, the United States makes an alternative argument for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. This alternative argument ensures that each element of the false light claim is addressed since the claim "requires the invasion of some type of privacy interest," an element that is not present in the defamation claim. *Cort*, 311 F.3d at 987. "If one aspect of the conduct is barred, a claimant may nonetheless sustain claims arising out of other aspects of the conduct." *Lorenzo v. United States*, 719 F. Supp. 2d 1208, 1212 (S.D. Cal. 2010). "Except in cases involving physical intrusion, the [false light claim] must be accompanied by publicity in the sense of communication to the public in general or to a large number of persons as distinguished from one individual or a few." *Kinsey,* 107 Cal. App. 3d at

---

[2] Plaintiff claims that Foster is the appropriate defendant and is liable for the negative consequences caused by the statements she made on July 1, 2012. The Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FELRTCA") amended the FTCA to "remove the potential personal liability of Federal employees for common law torts committed within the scope of their employment, and . . . instead provide that the exclusive remedy for such torts is through an action against the United States under the [FTCA]." *Billings v. United States*, 57 F.3d 797, 799-800 (9th Cir. 1995) (quoting H.R. Rep. No. 700, at 4 (1988) reprinted in 1988 U.S.C.C.A.N. 5945, 5946-47). Because Foster is deemed an employee for all matters relating to Plaintiff's claims, the United States is the proper defendant and the case was properly removed to the District Court.

270; *Schwartz v. Thiele,* 242 Cal. App. 2d 799, 805-06 (1966). California has established a standard for "mass exposure" as "a diverse group of people living in several states and totally unconnected either socially or professionally" in order to meet the publicity requirement. *Kinsey,* 107 Cal. App. 3d at 272. Plaintiff acknowledges that those aware of the alleged false statements were the Auxiliary members and Coast Guard Officers. (Compl. at ¶ 14.) Even construing this claim in the light most favorable to Plaintiff, the claim does not meet the "mass exposure" standard set out in California, because all those who were aware of Plaintiff's discharge were all professionally connected in the Coast Guard. On the face of the complaint, it is not plausible that Foster's statements were communicated to the general public or a diverse group of people completely unconnected. Plaintiff's conclusion that the Auxiliary members and Coast Guard Officers should be treated like the general public is unwarranted. Because the false light claim does not meet the "publicity" requirement, Plaintiff has failed to state a claim. *See Kinsey,* 107 Cal. App. 3d at 272.

## CONCLUSION

For the foregoing reasons, the United States' motion for judgment on the pleadings is GRANTED without prejudice. Because this Court cannot say that it would be an act of futility, the Court dismisses Plaintiff's complaint with leave to amend within 21 days of the date of this order. Inconsistent or contrary allegations from the original complaint should be made in good faith in accordance with Federal Rule of Civil Procedure 11(b). Rule 11(b) requires a party to present a claim that is warranted by existing law and to ensure the factual contentions have evidentiary support.

**IT IS SO ORDERED.**

Dated: February 13, 2014

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

NICK TARLSON,

        Plaintiff,

v.

SONIA FOSTER et al,

        Defendant.

Case Number: CV13-03535 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 13, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nick G. Tarlson
220 Sansome St Ste 900
San Francisco, CA 94104

Dated: February 13, 2014

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk