UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICK G. TARLSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 13-cv-03535-JD

**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Re: Dkt. Nos. 35, 39

## INTRODUCTION

Plaintiff Nick Tarlson, who is proceeding pro se, filed an amended complaint after the Court previously dismissed his claims. He now moves to remand this case to California Superior Court for the City and County of San Francisco. The United States moves for judgment on the pleadings. A hearing on these motions was held on August 21, 2014. The Court denies the motion to remand and grants the motion for judgment on the pleadings without prejudice.

## DISCUSSION

Because the Court's previous order details the factual background, the Court will not repeat it here. *See* Dkt. No. 26.

### I.   Motion to Remand

Mr. Tarlson moves to remand this case because he objects to the United States' certification -- used to support removal of this case -- that Ms. Foster was acting within the course and scope of her employment at all material times with respect to his allegations. *See* Dkt. No. 35.

The United States removed to this Court under 28 U.S.C. § 1442, which provides that an officer of the United States may remove any civil or criminal action filed against her in state court for any act under color of such office. Along with the notice of removal, the United States filed a

certification pursuant to 28 U.S.C. § 2679(d), in which Alex G. Tse, Director of the Civil Division of the United States Attorney's Office for the Northern District of California, certified that Ms. Foster is an employee of the United States Coast Guard Auxiliary and was acting within the course and scope of her employment at all material times with respect to plaintiff's allegations. *See* Dkt. No. 2. [1]

Under section 2679(d), the government may remove a case filed in a state court upon certification by the "Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(2); *see also Rodriguez v. Kwok*, No. C 13-04976 SI, 2014 WL 889570, at *3 (N.D. Cal. Mar. 3, 2014). Upon certification, the "proceeding shall be deemed to be an action or proceeding brought against the United States." 28 U.S.C. § 2679(d)(2). The Attorney General's certification is "conclusive for purposes of removal," and "forecloses any jurisdictional inquiry." *Osborn v. Haley*, 549 U.S. 225, 231, 243 (2007); 28 U.S.C. § 2679(d)(2). "A challenge to the propriety of a § 2679(d) certification can at most result in the resubstitution of the individual federal officer as the defendant for the purposes of trial, but it cannot result in a remand to state court." *See Rodriguez*, 2014 WL 889570, at *3; *Osborn*, 549 U.S. at 242.

Because a section 2679(d) certification is conclusive for purposes of removal, the Court may not remand the action to state court regardless of any challenge Mr. Tarlson raises to the propriety of the certification. *See Rodriguez*, 2014 WL 889570, at *3. Accordingly, the Court denies Mr. Tarlson's motion to remand.

## II. Motion for Judgment on the Pleadings

Because the Court's previous order provides the governing legal standards, the Court will not repeat them here. *See* Dkt. No. 26. That order granted the United States' motion for judgment on the pleadings without prejudice, and gave Mr. Tarlson 21 days to amend his complaint. *Id.* Mr. Tarlson's amended complaint alleges two claims, "defamation-slander" and "false light - invasion of privacy," and challenges whether certification was proper. Dkt. No. 27.

---

[1] 28 C.F.R. § 15.4(a) authorizes the Director of the Civil Division for the district where the civil action is brought to make a § 2679(d) certification.

Mr. Tarlson asks the Court to revisit its finding about whether certification was proper. *See* Dkt. No. 27 at 3. If Ms. Foster was acting within the scope of her employment, then certification was proper. *See McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir. 2001). The Court reviews the scope of employment determinations according to the principles of respondeat superior of the state in which the alleged tort occurred. *See id.* California law controls because all of the conduct at issue took place there. *See* Dkt. No. 27.

Under California law, the scope of employment is generally viewed broadly under the respondeat superior doctrine. *See Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 1004 (1995). An employee's conduct is foreseeable, and therefore within the scope of employment, if it "is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Id.* An employer's vicarious liability may extend to "willful and malicious torts of an employee," and even if the tortious conduct "contravenes an express company rule and confers no benefit to the employer." *Id.* An employee's complaint about the conduct of co-workers "in ways relating to work, on issues arising out of the work" has been found to be within the scope of employment. *See McLachlan*, 261 F.3d at 911. In *McLachlan*, plaintiff alleged that his co-workers made defamatory statements about him because of their resentment and jealousy of his success. *Id.* at 910. Our Circuit, concluding the co-workers' conduct fell within the scope of their federal employment, explained "[t]here is unfortunately nothing 'unusual or startling' about personal hostility, backbiting, resentment of another's success, false rumors, and malicious gossip in the workplace." *Id.* at 912. Moreover, California courts have held as a matter of law[2] that an employee acts within the scope of her employment when she reports sexual harassment by a co-worker. *See Fowler v. Howell*, 42 Cal.App.4th 1746, 1751 (1996). This is so even when the motive for alleging sexual harassment is

---

[2] Generally, whether an employee acted within the scope of employment is a question of fact under California law; "it becomes a question of law, however, when the facts are undisputed and no conflicting inferences are possible." *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal.4th 291, 299 (1995). Neither party has raised a factual dispute that prevents the Court from deciding the applicability of respondeat superior as a matter of law. Mr. Tarlson asserts in the amended complaint that he requires additional facts about the circumstances of Ms. Foster's statements, but the allegations in his complaint -- taken as true -- show that her statements were made in the scope of her Auxiliary employment.

3

1    questionable. *See Jacobus v. Krambo Corp.*, 78 Cal.App.4th 1096, 1104 (2000) ("the risk that one

2    worker may accuse another of sexual harassment to deflect an adverse performance review is a

3    risk inherent in employment").

4          Taking the allegations in Mr. Tarlson's amended complaint as true, Ms. Foster's alleged

5    defamatory statements occurred within the scope of her employment. There is nothing "unusual

6    or startling" about Ms. Foster's report of sexual harassment, even if -- as Mr. Tarlson alleges --

7    she reported the sexual harassment in order to punish him for criticizing her performance of her

8    Coast Guard Auxiliary duties, or to help other Coast Guard Auxiliary leaders who were competing

9    against him for positions on the District Board. *See* Dkt. No. 1 at 2, 4. Whether Ms. Foster filed

10   the complaint herself, or whether the investigation was "instituted by the 'chain of leadership'" is

11   of no consequence. *See id.* at 4. The Court concludes as a matter of law that certification was

12   proper.

13         Because the United States was properly substituted as the defendant, Mr. Tarlson must

14   bring his tort claims under the Federal Tort Claims Act ("FTCA"). "[T]he FTCA is the exclusive

15   mode of recovery for the tort of a Government employee even when the FTCA itself precludes

16   Government liability." *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 n.1 (9th

17   Cir. 1991) (internal quotation marks omitted). Mr. Tarlson's failure to satisfy the jurisdictional

18   prerequisites for filing a tort claim against the federal government requires dismissal of his claims.

19   Several jurisdictional prerequisites must be satisfied before tort claims can be brought in federal

20   court against the federal government, including that a party must first file a claim with the

21   appropriate federal agency. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . unless

22   the claimant shall have first presented the claim to the appropriate Federal agency and his claim

23   shall have been finally denied by the agency in writing and sent by certified or registered mail.").

24   The requirement that administrative remedies be exhausted before filing a claim is mandatory.

25   *Stringer v. White*, No. C-07-5516 SI, 2008 WL 344215, at *4 (N.D. Cal. Feb. 6, 2008). The

26   amended complaint does not allege Mr. Tarlson first presented his tort claims to the appropriate

27   agency and he has presented no evidence or argument he has done so. Because exhaustion of his

28

1 administrative claim is a jurisdictional prerequisite, the Court dismisses his claims against the
2 United States for lack of jurisdiction.

## CONCLUSION

Mr. Tarlson's motion to remand is denied. The United States' motion for judgment on the pleadings is granted. The Court dismisses Mr. Tarlson's claims without prejudice.

**IT IS SO ORDERED.**

Dated: October 27, 2014

_____
JAMES DONATO
United States District Judge