UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK G. TARLSON,<br>　　　　　Plaintiff,<br>　v.<br>SONIA FOSTER, et al.,<br>　　　　　Defendants. | Case No. 13-cv-03535-JD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 47 |

On October 27, 2014, the Court denied the motion of plaintiff Nick G. Tarlson, who is proceeding pro se, to remand this case to state court and granted defendant's motion for judgment on the pleadings. Dkt. No. 46. On November 6, 2014, plaintiff filed a motion for leave to seek reconsideration of the dismissal order. Dkt. No. 47. Leave is denied.

The Court denies the request because, even when liberally construed for a pro se litigant, it fails to meet the requirements of Civil Local Rule 7-9. This rule requires parties to obtain permission from the Court to file a motion for reconsideration. Civ. L.R. 7-9(a). The moving party must show: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought;" (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order;" or (3) "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b).

If leave to file is granted, motions for reconsideration serve a "very limited purpose" and are appropriate "only to correct manifest errors of law or fact or to present newly discovered evidence." *Fed. Deposit Ins. Corp. v. Jackson-Shaw Partners No. 46, Ltd.*, 850 F.Supp. 839, 845 (N.D. Cal. 1994) (citation omitted). A motion for reconsideration may not be brought "merely

because Plaintiff is unhappy with the judgment . . . or because he disagrees with the ultimate decision." *Bridgeman v. Peralta*, No. 11-2132 WQH, 2011 WL 5830427, at *1 (S.D. Cal. Nov. 18, 2011).

Plaintiff's motion does not meet the showing required by Local Rule 7-9. Plaintiff does not point to a subsequent change in fact or law, or a manifest failure by the Court to consider facts or arguments previously presented. Instead, plaintiff's motion claims that a material difference in law exists from that presented to the Court, citing to 14 U.S.C. § 823a. Plaintiff claims this statute is "materially different from that which was presented to the Court before entry of its Order" because he "did not know the above statutory law at the time of the Order, and did not present it as part of his argument in opposition to the defendant's motion." Dkt. No. 47 at 2. But that is not the case. Mr. Tarlson, in fact, previously submitted a declaration that attached an exhibit featuring and discussing Section 823a. Dkt. No. 35, Ex. A. The request for reconsideration does not raise it for the first time. Even giving plaintiff the benefit of the doubt as a pro se litigant, there is nothing new here within the requirements of Local Rule 7-9. Plaintiff is recycling Section 823a to revisit the argument that Ms. Foster was not assigned to duty when she reported the alleged sexual harassment, an argument the Court has already considered and rejected. *See* Dkt. No. 46.

Accordingly, plaintiff's motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: January 9, 2015

_____
JAMES DONATO
United States District Judge